UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY L. BEAVERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ORANGE COUNTY JAILS, et al.,<br><br>　　　　　Defendants. | Case No. 8:21-cv-01670-JVS-KES<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF PROSECUTION |

## I.

## BACKGROUND

In March 2022, the Court received a Third Amended Complaint ("TAC") alleging violations of 42 U.S.C. § 1983 from Gary Beavers ("Plaintiff"). (Dkt. 12.) Plaintiff currently resides at San Quentin State Prison. (Id. at 2.)[1] At the time of the events alleged in the TAC, Plaintiff was housed at the Orange County Jail. (Id. at 11-33.) The TAC alleges that the Orange County Jail staff (a) threatened and/or assaulted him, (b) failed to protect him from violence at the hands of other dangerous inmates, (c) needlessly moved him about the jail for extended periods of

---

[1] Citations refer to the pagination imposed by the Court's e-filing system.

1

time, (d) denied him medical care, clean drinking water, commissary, and recreational time, (e) interfered with his ability to defend the criminal charges against him and to bring civil lawsuits, and (f) failed to respond adequately to his grievances. (Id.)

Because Plaintiff is a state prisoner who is proceeding in forma pauperis (Dkt. 7 and 8), the magistrate judge screened the TAC under 28 U.S.C. § 1915(e)(2) and § 1915A. On July 22, 2022, the magistrate judge issued a report and recommendation ("R&R") recommending that (1) certain claims be dismissed with prejudice as time-barred; and (2) all other claims be dismissed but with leave to amend to add needed facts. (Dkt. 13.) On December 29, 2022, the district judge adopted the R&R. (Dkt. 19.) The district judge ordered that any fourth amended complaint ("4AC") not exceed 30 pages and be limited to three specific claims against three deputy sheriffs and the County of Orange. (Id. at 2.)

On January 3, 2023, the magistrate judge set February 17, 2023, as Plaintiff's deadline to file a 4AC. (Dkt. 20.) As of the date of this order, the Court has not received any further filings from Plaintiff.

## II.
## LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Central District of California Local Rule 41-1 provides, "Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."[2]

---

[2] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-

2

1    The Court has discretion to dismiss the action with or without prejudice. See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," or certain exceptions apply, a dismissal pursuant to Federal Rule of Civil Procedure 41(b) "operates as an adjudication on the merits"); Local Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

### III.
### DISCUSSION

Here, the first two factors favor dismissal. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor—the Court's need to manage its docket—favors dismissal here because Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." Id. (internal

---

procedures/local-rules.

3

quotations marks omitted).

The third factor—prejudice to Defendants—weighs in favor of dismissal, although perhaps not as strongly as some of the other factors. Because this Court dismissed the TAC on screening, Defendants have not been served. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("We have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."); Hunter v. Sandoval, No. 17-cv-09257-CJC-SHK, 2018 U.S. Dist. LEXIS 210543 at *5, 2018 WL 6570870 at *2 (C.D. Cal. Dec. 12, 2018) (finding no prejudice to a defendant who had not yet been served). On the other hand, a rebuttable presumption of prejudice to the defendants arises when a plaintiff unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), and unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan, 291 F.3d at 643. Here, the screening process started in 2021, and Plaintiff has still not pled any claims sufficiently.

The fourth factor—availability of less drastic sanctions—favors dismissal. Plaintiff has been repeatedly warned that failing to timely file amended pleadings may result in dismissal. (See Dkt. 4 at 5; Dkt. 9 at 7; see also Anthony Sposato v. Mona Houston, et al., No. 5:20-cv-00835-SVW-KES, 2020 U.S. Dist. LEXIS 195596, at *4-5, 2020 WL 6161453, at *2 (C.D. Cal. Oct. 21, 2020) (concluding prior grant of extension weighed in favor of dismissal on "availability of less drastic sanctions" factor).) Plaintiff has not requested an extension of time. Plaintiff has had ample opportunity to comply. Plaintiff previously requested, and received, a ninety-day extension of time to file his objections to the R&R. (Dkt. 15 and 16.) He worked on his 4AC during those three months, but he chose not to draft a 4AC consistent with the R&R's recommendations – recommendations that eventually became the district judge's order. Instead, in November 2022, he filed a premature 4AC that included dozens of claims and defendants that the R&R was

recommending be dismissed with prejudice. (Dkt. 17.) That 4AC was struck for being filed prematurely when Plaintiff did not yet have leave to amend. (Dkt. 18.) Its filing demonstrates, however, that Plaintiff could have prepared a far shorter 4AC limited to the claims and defendants specified in the R&R and eventually adopted in the district judge's order.

The fifth factor—public policy favoring a disposition of an action on its merits—arguably weighs against dismissal here. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, the effect of this factor is somewhat mitigated by the fact that Plaintiff's TAC failed to state a claim for relief for the reasons explained in the R&R, even after multiple amendments. (Dkt. 13.) Moreover, Plaintiff, represented by counsel, already litigated one civil rights lawsuit arising out of his treatment at the Orange County Jail. See Beavers v. County of Orange, et al., case no. 8:17-cv-00100-JVS-KES (final judgment for defendants entered November 29, 2022, at Dkt. 159).

Given that the enumerated factors largely support dismissal, this action will be dismissed pursuant to Rule 41(b) and Local Rule 41-1. Considering all of the circumstances, and in particular given that Plaintiff is proceeding pro se, the dismissal shall be without prejudice.

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment will be entered dismissing this action without prejudice for failure to prosecute.

DATED: March 15, 2023

JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE